UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. HERRERA,<br><br>        Petitioner,<br><br>   v.<br><br>W. L. MONTGOMERY, Warden,<br><br>        Respondent. | Case No.: 1:16-cv-01112-LJO-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. No. 15]<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

Respondent contends that the petition violates the statute of limitations. The Court agrees and will therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

**DISCUSSION**

I.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

1

599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on July 27, 2016,[1] and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the California Supreme Court denied review on March 20, 2013.  (LD[2] 3-4.)  Therefore, direct review concluded on June 18, 2013, when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983).  The statute of limitations commenced on the following day, to wit, June 19, 2013.  Absent applicable tolling, the last day to file a federal habeas petition was June 18, 2014.

III.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

---

[1] Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276 (1988).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

[2] "LD" refers to the documents lodged by Respondent with his motion.

application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

The parties do not contest that Petitioner filed three habeas petitions in the state courts, as follows:

**First Petition:**
April 24, 2014: Petition for writ of habeas corpus filed in the Kings County Superior Court.
November 20, 2014: Petition denied.
December 12, 2014: Motion for reconsideration filed.
March 9, 2015: Motion denied.

**Second Petition**:
May 29, 2015: Petition for writ of habeas corpus filed in the California Court of Appeal.
July 29, 2015: Petition denied.

**Third Petition:**
November 12, 2015: Petition for writ of habeas corpus filed in the California Supreme Court.
June 8, 2016: Petition denied.

(LD 5-13.)

At the time the first petition was filed, 309 days of the limitations period had run.  Under § 2244(d)(2), the limitations period was tolled for the time the first petition was pending until it was denied on November 20, 2014.  The second petition was not filed for another six months until May 29, 2015.  The question thus presented is whether Petitioner is entitled to tolling for that six month time interval.  Respondent contends the delay was clearly unreasonable.  Petitioner contends the delay was not unreasonable in light of his diligent efforts during that time period.

In Evans, the Supreme Court, recognizing that California does not have strict time deadlines for the filing of a habeas petition at the next appellate level, indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.  Evans,

546 U.S. at 201.  After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable.  Among the Ninth Circuit as well as the various federal district courts in California, a consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable.  See, e.g., Stewart v. Cate, 757 F.3d 929, 936 (9th Cir. 2012) (100-day delay unreasonable); Stancle v. Clay, 692 F.3d 948, 956 (9th Cir. 2012) (82-day delay unreasonable); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (delays of 115 and 101 days unreasonable); Sierra v. Martinez, 2016 WL 6094417 (E.D. Cal. 2016) (74-day delay unreasonable); Griffin v. Perry, 2016 WL 4899205 (E.D. Cal. 2016) (84-day delay unreasonable despite limited access to law library); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006) (delays of 97 and 71 days unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (70 day delay unreasonable).

      Respondent is correct that an unexplained delay of six months is per se unreasonable.  Nevertheless, Petitioner argues that the interval should be tolled because, contrary to Respondent's assertions, he was diligently pursuing his state remedies.  He notes that he filed a motion for reconsideration on January 9, 2015, which was denied on March 9, 2015.  He claims he filed this motion because prison staff had misplaced his opposition to the Government's informal response.  Petitioner's argument is not persuasive.  First, motions for reconsideration are not allowed in habeas proceedings under California law.  See Ex parte Washer, 200 Cal. 598, 609 (1927).  In addition, the state court denied the motion for violating California's timing requirements.  (LD 9.)  Therefore, the motion for reconsideration was not "properly filed" within the meaning of §2244(d)(2).

      In addition, Petitioner's explanation is insufficient.  The motion for reconsideration was denied on March 9, 2015, yet Petitioner still delayed 80 days before filing his second state habeas petition.  He offers no explanation for these 80 days, and an unexplained delay of such duration is unreasonable.  Therefore, with 56 days remaining and giving Petitioner the benefit of tolling the motion for reconsideration, the limitations period expired on May 4, 2015.  He did not file the second petition until May 29, 2015, after the limitations period had already expired.  Since the petition was filed after

4

the limitations period had expired, it had no tolling consequence. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Moreover, the limitations period would have expired notwithstanding the interval between the first and second petitions. Even assuming that time period was tolled, as well as the time the second petition was pending, the limitations period would have expired between the denial of the second petition and the filing of the third petition. The second petition was denied on July 29, 2015, and the third petition was not filed until November 12, 2015. This unexplained delay of 105 days was also unreasonable. Therefore, at the very latest, the limitations period would have expired 56 days after the second petition was denied, i.e., September 24, 2015. Accordingly, the petition is untimely.

## IV.     Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner claims he should be entitled to equitable tolling in light of his lost opposition and the fact he had filed a motion for reconsideration. As discussed above, there is no justification for tolling of the limitations period for the 80 days after the motion was denied, or the 105 days after the second petition was denied. Petitioner must demonstrate diligence throughout the limitations period. Lacava

v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005).  He fails to do so, he fails to demonstrate any extraordinary circumstance stood in his way of timely filing his federal petition, and he fails to show that he acted diligently.  Consequently, he should not be granted equitable tolling.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and the habeas corpus petition be **DISMISSED WITH PREJUDICE** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **December 22, 2016**             **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE